UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                                        Plaintiff,

              -against-

BIEN ARGENTINO LLC, and 180
MULBERRY REALTY LLC,

                                        Defendants.

**CONSENT DECREE**

Civil Action No.: 1:24-cv-5185-MMG

This Consent Decree is entered into as of the last date signed below ("Effective Date"),

by and between the following parties: Plaintiff, ALTAUNE BROWN ("Plaintiff"), and

Defendants, 180 MULBERRY REALTY LLC ("Defendant;" Plaintiff and Defendants shall

hereinafter be collectively referred to as the "Parties").

## RECITALS

**WHEREAS**, Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. §§ 12181-12189 and its implementing regulation, 28 C.F.R. pt. 36, prohibit

discrimination on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, and accommodations of any place of public accommodation

by any private entity that owns, leases (or leases to), or operates any place of public

accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a);

**WHEREAS**, the New York State Human Rights Law ("NYSHRL"), the New York State

Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL") are

related state and municipal statutes that govern accessibility of public accommodations

concurrently with the ADA (hereinafter, the ADA, NYSHRL, NYSCRL, and NYCHRL are

collectively referred to as the "Relevant Accessibility Laws");

**WHEREAS**, Plaintiff filed the above-captioned matter (the "Action"). Plaintiff alleged

that Defendant's property known as and located at 180 Mulberry Street, New York, NY 10012

operated by Bien Argentino at (the "Property"), and the restaurant d/b/a Empanadas Soho (the "Restaurant") is not accessible to individuals with disabilities in violation of the Relevant Accessibility Laws;

WHEREAS, the Plaintiff and Bien Argentino, LLC entered into a separate confidential settlement agreement that is not part of this Consent Decree. The Action was discontinued without prejudice against Bien Argento on March 18, 2026 [Dkt 53].

WHEREAS, Defendants deny that the Property violates the Relevant Accessibility Laws, and any other wrongdoing or liability, and agreeing to the entry of the Consent Decree cannot be used as an admission of wrongdoing;

WHEREAS, the Parties desire to avoid further expense, time, effort, and uncertainty with respect to the Action;

WHEREAS, as part of a global settlement, the Parties agree that Defendant shall make readily achievable and technically feasible accessibility improvements to the Property set forth herein, and comply with applicable laws governing accessibility for persons with disabilities;

NOW, THEREFORE, for and in consideration of the promises and the mutual covenants and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, the Parties hereby agree to the following terms and conditions be ordered by the Court in this Consent Decree:

## JURISDICTION

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188.

2. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the Property is located within this District and the acts of discrimination alleged in the complaint by Plaintiff, and denied by Defendants, occurred in this District.

2

## APPLICATION AND PARTIES BOUND

3.    The Property is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7), because the operation of the Restaurant affects commerce and the Restaurant is a "restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); 28 C.F.R. § 36.104.

4.    Defendant is governed by Title III of the ADA because they own the Property where the Restaurant is located and operated from, which is a place of public accommodation. See 42 U.S.C. § 12182(a); 28 C.F.R. § 36.104.

5.    This Consent Decree shall be binding on Defendant, their agents, employees, successors, assigns.

6.    This Consent Decree does not run with the land and is not binding on any bona fide purchaser for market rate consideration.

## FACILITIES COVERED BY THIS CONSENT DECREE

7.    This Consent Decree shall apply to all public use and common areas within the Restaurant.

8.    The Parties agree that the modifications set forth in "Schedule A" have been agreed to by the Parties to resolve this Action.

9.    This Consent Decree shall not absolve Defendant or any other person or entity from liability for any violation or potential violation of the Relevant Accessibility Laws concerning any areas within the Property, not expressly included within the coverage of this Consent Decree or as otherwise resolved in this Action.

10.    Defendant is solely responsible for the means, methods, and options for creating independent access to the Property through the remediations they choose to implement.

11.     Defendants' remediations shall not be deemed to be a representation that such remediations are a full and complete compliance with Defendants' obligations to comply with the ADA and all other related accessibility requirements and standards.

12.     Should Defendant need any extensions for any deadline stated in this paragraph, they shall notify Plaintiff's counsel in writing (email acceptable) as to: (i) which deadline needs extending; (ii) the good-cause reason the extension is needed; and (iii) the anticipated new deadline(s) for the completion of the modification(s) with the proposed new deadline. Should a dispute regarding extensions arise, the same may be presented to the Court for adjudication. Defendant shall remain obligated to make best efforts to timely complete the agreed-upon modifications.

## COMMITMENT TO NON-DISCRIMINATION POLICY

13.     Defendant, as well as its officers, agents, servants, employees, successors, and assigns, represent that they do not, and shall not, discriminate against individuals with disabilities and to comply with relevant Accessibility Laws.

## CERTIFICATION

14.     Within six (6) months after the date of this Consent Decree, unless stated otherwise in Schedule A, Defendants shall submit to Plaintiff a certification, under penalty of perjury, stating that it has substantially complied with all obligations of this Consent Decree that are required to be satisfied or completed at that time. **TIME IS OF THE ESSENCE AS TO ALL DEADLINES SET FORTH HEREIN AND IN SCHEDULE A.**

## RIGHT TO REVIEW COMPLIANCE

15.     Upon reasonable advance notice to Defendant, and subject to forty-eight (48) hour notice to Defendant, Defendant shall permit Plaintiff and any person acting on Plaintiff's behalf reasonable access to the Property to review compliance with this Consent Decree. If

4

Plaintiff believes that Defendants have violated this Consent Decree, Plaintiff will notify Defendant in writing and seek to resolve the matter amicably before applying to the Court for relief.

## ENFORCEMENT

16.    If Plaintiff claims that any provision of this Consent Decree has been violated, Plaintiff may seek judicial enforcement, subject to the notice and cure provisions set forth herein. Plaintiff, by overnight mail to Defendants' counsel, Jay B. Solomon, Esq. and Nitisha Bishnoi, BELKIN BURDEN GOLDMAN, LLP, 60 East 42nd Street, New York, NY 10165; Emails: jsolomon@bbgllp.com and nbishnoi@bbgllp.com, shall provide written notice (the "Notice to Cure") of: (i) the alleged breach or breaches, specifying the grounds for each alleged breach; and (ii) a stated cure deadline of not less than thirty (30) days from the date of mailing (the "Cure Period").

17.    If Defendant fails to cure within the Cure Period, Plaintiff may seek appropriate legal or injunctive relief. Once the modifications set forth in this Consent Decree have been completed, the Property shall be deemed by the Court to satisfy Defendants' obligations under the Relevant Accessibility Laws and this Consent Decree.

## VIOLATION OF THIS CONSENT DECREE

18.    A party may seek judicial enforcement of and compliance with this Consent Decree with respect to any breach that remains uncured following the Cure Period, or where the Parties fail to reach a mutually acceptable resolution within the Cure Period or any extension thereof.

19.    No enforcement action shall lie for any breach that is timely cured within the Cure Period. Plaintiff, in an enforcement action of this Consent Decree, shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such enforcement.

## RETENTION OF JURISDICTION

20.    This Court shall retain jurisdiction of this Action to enforce or modify the provisions of this Consent Decree, to resolve any dispute that arises under this Consent Decree, and to entertain any application and issue any orders (including, without limitation, orders directing the modification of policies, practices, and procedures, and orders requiring the removal of barriers to access) as may be necessary or appropriate for the effectuation of its terms.

## COSTS AND ATTORNEY FEES

21.    All parties shall bear their own costs and attorneys' fees in this Action, except as otherwise stated herein.

22.    The Parties agree that, except as otherwise set forth herein, time is of the essence in all respects regarding this Consent Decree, and any breach of the time limitations set forth in this Consent Decree shall be deemed a material breach.

23.    This Consent Decree constitutes the entire understanding and agreement for the remediations set forth herein and supersedes all prior or contemporaneous negotiations or agreements (written or oral).

24.    There shall be no modification of this Consent Decree without the written consent of the Parties and the approval of said modification by the Court.

25.    If any provision of this Consent Decree or any part of any provision of this Consent Decree is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provisions or parts of this Consent Decree.

26.    The Parties acknowledge that each party has reviewed and revised this Consent Decree with counsel, and that this Consent Decree shall not be construed against either party.

6

27.     The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

28.     The Parties have read and understood the preceding Consent Decree, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Decree and agree to be bound thereby.

29.     Each person executing this Consent Decree on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Decree.

30.     The Parties agree that this Consent Decree may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

31.     For purposes of this Consent Decree, facsimiles and photocopies of signatures shall be considered equivalent to original signatures.

**IN WITNESS WHEREOF**, the undersigned parties hereby apply for the consent to the entry of this Order as of the last date stated below.

ALTAUNE BROWN                           180 MULBERRY REALTY LLC

_____        _____
ALTAUNE BROWN                    Date    Name: Xiao Min        Date 05/15/2026
                                         Title: Assistant Property Manager.
                                         Sign on behalf of 180 Mulberry Realty LLC

**JUDGMENT IS HEREBY ENTERED** in accordance with the foregoing Consent Decree.

**SO ORDERED**, this___ day of _____, 2026

_____
, U.S.D.J.

7

SO ORDERED. Dated June 1, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE